IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP SWANKS,

|  |  |  |
|---|---|---|
|  | Plaintiffs, | ORDER |
| v. |  | 12-cv-702-wmc |
| JANE DOE, et al, |  |  |
|  | Defendants. |  |

---

On September 28, 2012, I directed plaintiff to submit either the $350 filing fee in this case or a petition and affidavit to proceed without prepayment of fees and/or costs. Plaintiff has submitted both. Since plaintiff has submitted the $350 filing fee, I will deny his request to proceed without prepayment of fees and/or costs as moot. Next, I must determine whether plaintiff is subject to the 1996 Prisoner Litigation Reform Act.

The Wisconsin Department of Corrections inmate locator shows that plaintiff is currently under active community supervision. Supervision alone does not make a person a "prisoner" for the purpose of the PLRA. *Kerr v. Puckett*, 138 F.3d 321 (7th Cir. 1998) (convict out on parole is not "person incarcerated or detained in any facility" subject to PLRA). However, in his complaint, plaintiff provides an address of 4107 St. Clair Street in Racine, Wisconsin, which is a halfway house. Since plaintiff's address was a halfway house when he filed his complaint, then plaintiff is considered to be a prisoner detained in a facility and is subject to the Act. *Witzke v. Femal*, 376 F.3d 744 (2004)(halfway house comes within definition of "any jail, prison, or other correctional facility" for purpose of applying PLRA's exhaustion requirement).

Because plaintiff is deemed to be a prisoner, he is subject to the 1996 Prison Litigation Reform Act. Under the act, plaintiff cannot proceed with this action unless the court grants him permission to proceed after screening his complaint pursuant to 28 U.S.C. § 1915A. Accordingly, plaintiff's complaint will be taken under advisement for screening pursuant to 28 U.S.C. § 1915A to determine whether the case must be dismissed either because the complaint

is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

Plaintiff includes a request for appointment of counsel within the body of his complaint. In deciding whether to appoint counsel, I must first find that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). To show that he has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers who he has asked to represent him in this case and who turned him down. Plaintiff has failed to include any such information.

Moreover, even if plaintiff had submitted proof that three lawyers had declined to represent him, I would deny his motion for appointment of counsel at this point because it is too early to tell whether the complexity of the case will outstrip plaintiff's ability to litigate it. Although plaintiff states that he lacks legal knowledge and skill, this is true for almost every pro se litigant. If plaintiff is granted leave to proceed in this case, and shortly after defendants file their answer, the court will hold a preliminary pretrial conference at which plaintiff will be provided with information about how to use discovery techniques to gather the evidence he needs to prove his claims as well as copies of this court's procedures for filing or opposing dispositive motions and for calling witnesses. Plaintiff is free to renew his motion for appointment of counsel at a later time if he feels incapable of representing himself as the case proceeds, but he will have to provide the court the names and addresses of at least three lawyers who he has asked to represent him in this case and who turned him down.

2

ORDER

IT IS ORDERED that:

1.      Plaintiff's request for appointment of counsel, dkt. 1, is DENIED without prejudice.

2.      Plaintiff's request to proceed without prepayment of fees and/or costs, dkt. 4, is DENIED as moot.

3.      Plaintiff's complaint is taken under advisement. As soon as the court's calendar permits, plaintiff's complaint will be screened pursuant to 28 U.S.C. § 1915A to determine whether the case must be dismissed because the complaint is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  Plaintiff will be notified promptly when such a decision has been made.


Entered this 30th day of October, 2012.

                                BY THE COURT:

                                /s/

                                STEPHEN L. CROCKER
                                Magistrate Judge

3